**C.O. LAW, APC**
Clark Ovruchesky, Esq. (SBN: 301844)
co@colawcalifornia.com
845 15th St., Suite 103
San Diego, California 92101
Telephone: (619) 356-8960

**OLYMPUS LAW CORPORATION**
George C. Panagiotou, Esq. (SBN: 263172)
845 15th St., Suite 103
San Diego, California 92101
Telephone: (858) 300-0033
Facsimile: (858) 408-2939

Attorneys for Plaintiff,
Luisa Marisol Ruiz Juarez

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LUISA MARISOL RUIZ JUAREZ,**<br><br>**PLAINTIFF,**<br><br>**V.**<br>**BANK OF AMERICA, N.A., OPORTUN, INC., TRANS UNION LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND EQUIFAX INFORMATION SERVICES, LLC,**<br><br>**DEFENDANTS.** | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**1.) THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.; AND**<br><br>**2.) CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE §§ 1785.1, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Plaintiff Luisa Marisol Ruiz Juarez ("Plaintiff"), through Plaintiff's attorneys, brings this lawsuit to challenge Defendants' reporting, furnishing, reinvestigation, verification, continued publication, and/or disclosure failures concerning erroneous negative and derogatory information about Plaintiff.

3. Defendants in this action are Bank of America, N.A., Oportun, Inc., Trans Union LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC. The consumer reporting agency defendants are referred to herein individually by their short names and collectively as the "Credit Bureaus" or "CRA Defendants." The furnisher defendants, if any, are referred to herein individually by their short names and collectively as the "Furnisher-Defendants." The Credit Bureaus, Furnisher-Defendants, and any other named defendants are collectively referred to herein as "Defendants."

4. Plaintiff further challenges, where applicable, the failure of one or more consumer reporting agency Defendants to provide Plaintiff with reinvestigation results, updated credit reports, consumer reports, credit files, or adequate responses after Plaintiff disputed inaccurate reporting and/or requested disclosure of Plaintiff's consumer file.

5. Plaintiff makes these allegations on information and belief, except for allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, all conduct engaged in by Defendants occurred in California.

8. As alleged more fully below, Defendants' violations were negligent, reckless, knowing, and/or willful because Defendants possessed, received, or had access to information showing that the challenged reporting was inaccurate, incomplete, misleading, derogatory, or unverifiable, yet failed to maintain and follow procedures reasonably adapted to avoid such violations.

9. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p, and 28 U.S.C. § 1367 for supplemental state law claims.

11. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq., and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1 et seq.

12. This Court has personal jurisdiction over Defendants because Defendants conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this District.

13. Venue is proper in the UNITED STATES DISTRICT COURT, Central District of California pursuant to 28 U.S.C. § 1391 because Plaintiff resides in Los Angeles County, California, which is within this judicial district; the conduct complained of herein occurred within this judicial district; and Defendants conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in Inglewood, Los Angeles County. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and Cal. Civ. Code § 1785.3(b).

15. The consumer reporting agency Defendants, Trans Union LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC, are consumer reporting agencies as defined by 15 U.S.C. § 1681a(f) and Cal. Civ. Code § 1785.3(d).

16. The Furnisher-Defendants, Bank of America, N.A. and Oportun, are persons or entities that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies concerning consumer transactions, experiences, accounts, or debts.

17. Upon information and belief, each Defendant is a corporation, limited liability company, national banking association, partnership, association, or other business entity that is authorized to conduct business in the State of California, registered to conduct business in the State of California, conducts substantial business in the State of California, and/or regularly reports, furnishes, verifies, investigates, reinvestigates, publishes, discloses, or uses consumer credit information concerning California consumers.

18. Defendants participated, as applicable to each Defendant's role, in the reporting, furnishing, verification, reinvestigation, continued publication, or failure to disclose information concerning Plaintiff.
19. The causes of action herein pertain to Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1) and Cal. Civ. Code § 1785.3(c), in that inaccurate credit information was reported by Defendants regarding Plaintiff's credit worthiness, credit standing, and credit capacity. Such credit information was used, expected to be used, or collected in whole or in part for the purpose of serving as a factor in establishing Plaintiff's eligibility for credit to be used primarily for personal, family, or household purposes.

**BANKRUPTCY BACKGROUND**

20. At all times relevant to this matter, Plaintiff was an individual consumer residing within the State of California.
21. At all times relevant, Defendants conducted business within the State of California.
22. On 05/29/2025, Plaintiff filed for a Chapter 7 bankruptcy in the United States Bankruptcy Court for the Central District of California, Los Angeles Division. Plaintiff's case was assigned Case Number 2:25-bk-14495-BB (the "Bankruptcy").[1]
23. Plaintiff's Bankruptcy successfully discharged on 09/08/2025.
24. Plaintiff's pre-petition debts and accounts at issue were included in Plaintiff's Bankruptcy discharge.
25. Where applicable, the Bankruptcy discharge order and related notice materials identified creditors, furnishers, consumer reporting agencies, and other entities that received notice of Plaintiff's Bankruptcy and discharge.

---

[1] The District Court has discretion to take judicial notice of the documents electronically filed in the bankruptcy case. *See, Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (B.A.P. 9th Cir. 2003).

26. Where applicable, those materials identified Bank of America, N.A., Oportun, Inc., Trans Union LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC among the entities that received notice of Plaintiff's Bankruptcy and discharge.

**INACCURATE CREDIT REPORTING**

27. After Plaintiff's Bankruptcy was filed and discharged, Defendants reported, furnished, verified, published, or caused to be reported inaccurate, incomplete, misleading, and derogatory information on Plaintiff's credit reports.

28. The inaccurate reporting concerned Plaintiff's accounts, account statuses, balances, payment histories, past-due amounts, delinquency statuses, collection statuses, charge-off statuses, bankruptcy-related statuses, or other derogatory information.

29. Defendants' reporting suggested that Plaintiff remained responsible for debts, balances, derogatory account statuses, delinquencies, collections, or other negative information that should not have been reported in that manner after Plaintiff's Bankruptcy and discharge.

30. Defendants' reporting created the misleading impression that Plaintiff had not addressed outstanding debt obligations through the bankruptcy process.

31. Defendants' reporting also created the misleading impression that creditors remained free to collect against Plaintiff according to pre-bankruptcy contract terms, despite entry of the bankruptcy discharge.

32. Defendants' reporting was inaccurate and materially misleading because it created a false impression concerning Plaintiff's credit worthiness, credit standing, payment history, account responsibility, and post-bankruptcy financial condition.

33. The inaccurate reporting was damaging to Plaintiff because credit grantors, lenders, and other users of consumer reports rely on account status, payment history, balances, past-due amounts, collection status, charge-off status, and bankruptcy-related reporting when evaluating credit worthiness.

34. The Consumer Data Industry Association's Metro 2 format is the credit industry's standardized reporting format used to provide information about consumer accounts to consumer reporting agencies.[2]

35. Upon information and belief, Defendants have adopted the Metro 2 Format Manual as their standard instruction book with respect to credit reporting.

36. The FCRA and CCRAA impose no requirement or mandate that a furnisher provide any information to a consumer reporting agency. Indeed, the CDIA has repeatedly noted that the act of furnishing information to a consumer reporting agency is completely voluntary.[3]

37. Because credit reporting is a voluntary act, Defendants' deviation from the Metro 2 format instructions—the industry standard and their respective chosen method of reporting—constitutes an inaccurate or misleading statement. This is because those making credit decisions, who would expect that furnishers would adhere to the Metro 2 format, would view the reporting of Accounts included in the Bankruptcy in their delinquent pre-bankruptcy form more negatively than if the Accounts reported accurately.

---

[2] *See* Consumer Financial Protection Bureau, Key Dimensions and Processes in the U.S. Credit Reporting System, available at: http://files.consumerfinance.gov/f/201212_cfpb_credit-reporting-white-paper.pdf

[3] *See, e.g.,* Credit Reports: Consumers' Ability to Dispute and Change Inaccurate Information: Hearing Before the H. Comm. on Fin. Serv., 110 Congr. 50 (2007) (written statement of Stuart Pratt, President and CEO, Consumer Data Industry Association) ("not a single one of the more than 18,000 data furnishers has to provide a single record of data to our members").

38. The Consumer Information Indicator field is a critical field for consumers and directly relates to and impacts a consumer's credit worthiness.

39. Consumer Information Indicator Metro 2 Code "E" denotes that a Chapter 7 bankruptcy has been discharged.

40. Once a Chapter 7 bankruptcy is successfully completed, unsecured accounts included in the bankruptcy should not continue to report in a manner that suggests current delinquency, collectible balances, past-due amounts, collection status, charge-off status, or other derogatory obligations inconsistent with the bankruptcy discharge.[4]

41. Defendants failed to report Plaintiff's discharged accounts and related account information in a manner that accurately reflected the legal effect of Plaintiff's Bankruptcy discharge.

**FAILURE TO PROVIDE CREDIT REPORT/FILE/DISCLOSURE**

42. A consumer is entitled, upon proper request and proper identification, to disclosure of all information in the consumer's file. 15 U.S.C. §§ 1681g(a) and 1681h. The CCRAA requires the same. Cal. Civ. Code §§ 1785.10 and 1785.15.

43. Plaintiff requested that Equifax provide Plaintiff's consumer report, credit report, credit file, or file disclosure online and by U.S. mail on or about February, 2026.

44. With those requests, Plaintiff submitted sufficient identifying and verification information to permit Equifax to identify Plaintiff and disclose the file, including proof of residency, an official government identification document, and a Social Security number or other taxpayer identification number.

---

[4] *White v. EQUIFAX Info. Solutions, Inc.*, Case No. CV 05-01070 (C.D. Cal. Aug. 19, 2008) (lead case number); *White v. Equifax Info. Serv.*, L.L.C., Case. No. CV 05-7821 (C.D. Cal. Aug. 19, 2008); *White v. Trans Union*, L.L.C., Case No. CV 05-1073 (Aug. 19, 2008); *Hernandez v. Equifax Info. Serv.*, L.L.C., Case. No. CV 06-3924 (C.D. Cal. Aug. 19, 2008).

45. Equifax failed to provide Plaintiff's requested consumer report, credit report, credit file, or file disclosure.

46. Equifax violated 15 U.S.C. § 1681g(a), Cal. Civ. Code § 1785.10, and Cal. Civ. Code § 1785.15 by failing to clearly and accurately disclose all information in Plaintiff's file after Plaintiff made proper requests and provided sufficient identification.

47. By failing or refusing to provide Plaintiff's requested consumer report, credit report, credit file, or file disclosure, Equifax prevented Plaintiff from reviewing the information being maintained and reported about Plaintiff, confirming the scope of the inaccurate reporting, determining whether the disputed information had been corrected, and deciding what additional corrective action was necessary.

## PLAINTIFF'S DISPUTES AND DEFENDANTS FAILURE TO CONDUCT REASONABLE (RE)INVESTIGATIONS

**Re: AFFIRM INC ACCOUNT NO.: 15PW...., AFFIRM INC ACCOUNT NO.: POAE...., ALLY FINANCIAL ACCOUNT NO.: 22836286...., AMERICAN EXPRESS ACCOUNT NO.: 3499930127846173, APPLE CARD/GS BANK USA ACCOUNT NO.: 110001113724...., BANK OF AMERICA ACCOUNT NO.: 552433296752...., CURACAO ACCOUNT NO.: 520866...., PATHWARD NA/OPORTUN ACCOUNT NO.: 675...., TD BANK USA/TARGETCREDIT ACCOUNT NO.: 585975216771...., AMERICAN EXPRESS ACCOUNT NO.: 3499931694014133, JPMCB CARD ACCOUNT NO.: 414740031400...., NORDSTROM/TD BANK USA ACCOUNT NO.: 447043112216...., PORTFOLIO RECOVERY ASSOCIATES ACCOUNT NO.: 601919303068...., AFFIRM INC ACCOUNT NO.: POAE, PORTFOLIO RECOVERY ASSOCIATES ACCOUNT NO.: 601919303068, AMERICAN EXPRESS ACCOUNT NO.: 349993012784****, APPLE CARD - GS BANK USA ACCOUNT NO.: 110001113724****, BANK OF AMERICA ACCOUNT NO.: 552433296752****, OPORTUN/METABANK ACCOUNT NO.: 67550**, SUNBIT, INC ACCOUNT NO.: 401351013417****, and BANK OF AMERICA ACCOUNT NO.: 440066737932**** (the "Account(s)")**

48. The Accounts were incurred before Plaintiff's Bankruptcy, were included in Plaintiff's Bankruptcy, and were discharged pursuant to the discharge order entered on 09/08/2025.

49. Despite the discharge of the Accounts, which extinguished Plaintiff's personal liability thereon, Defendants reported, furnished, verified, published, or caused to be reported the Accounts on Plaintiff's credit reports with balances, past-due amounts, scheduled monthly payments, charged-off statuses, collection statuses, derogatory payment histories, inaccurate bankruptcy-related coding, and/or no notation that the Accounts were discharged in Bankruptcy.

50. Following the Bankruptcy discharge, the Accounts were reporting on Plaintiff's credit reports as follows:

1. Experian reported the following tradeline(s):

a. Furnisher: AFFIRM INC; Account No.: 15PW....; Account Type: Unsecured; Date Opened: Dec 2024; Status: Account charged off. $573 written off. $573 past due as of Nov 2025.; Balance: $573; Amount Past Due: $573.

b. Furnisher: AFFIRM INC; Account No.: POAE....; Account Type: Unsecured; Date Opened: Sep 2024; Status: Account charged off. $86 written off. $86 past due as of Nov 2025.; Balance: $86; Amount Past Due: $86.

c. Furnisher: ALLY FINANCIAL; Account No.: 22836286....; Account Type: Auto Loan; Loan Type: Auto Loan; Date Opened: Feb 2024; Status: Repossession.; Balance: $24,488; Amount Past Due: not reported.

d. Furnisher: AMERICAN EXPRESS; Account No.: 3499930127846173; Account Type: Credit card; Date Opened: Jul 2022; Status: Account charged off. $10,922 written off. $2,917 past due as of Nov 2025.; Balance: $10,922; Amount Past Due: $2,917.

e. Furnisher: APPLE CARD/GS BANK USA; Account No.: 110001113724....; Account Type: Credit card; Date Opened: Mar 2020; Status: Account charged off. $2,845 written off. $2,845 past due as of Oct 2025.; Balance: $2,845; Amount Past Due: $2,845.

f. Furnisher: BANK OF AMERICA; Account No.: 552433296752....; Account Type: Credit card; Date Opened: Mar 2018; Status: Account charged off. $2,091 written off. $2,091 past due as of Nov 2025.; Balance: $2,091; Amount Past Due: $2,091.

g. Furnisher: CURACAO; Account No.: 520866....; Account Type: Sales Contract; Date Opened: May 2008; Status: Account charged off/Never late.; Balance: not reported; Amount Past Due: not reported.

h. Furnisher: PATHWARD NA/OPORTUN; Account No.: 675....; Account Type: Secured Loan; Loan Type: Secured Loan; Date Opened: Nov 2024; Status: Account charged off. $18,281 written off. $18,281 past due as of Oct 2025.; Balance: $18,281; Amount Past Due: $18,281.

i. Furnisher: TD BANK USA/TARGETCREDIT; Account No.: 585975216771....; Account Type: Credit card; Date Opened: Aug 2021; Status: Account charged off. $675 written off. $675 past due as of Sep 2025.; Balance: $675; Amount Past Due: $675.

j. Furnisher: AMERICAN EXPRESS; Account No.: 3499931694014133; Account Type: Credit card; Date Opened: Oct 2023; Status: Open/Never late.; Balance: not reported; Amount Past Due: not reported.

k. Furnisher: JPMCB CARD; Account No.: 414740031400....; Account Type: Credit Card; Date Opened: Jul 2021; Status: Open/Never late.; Balance: not reported; Amount Past Due: not reported.

l. Furnisher: NORDSTROM/TD BANK USA; Account No.: 447043112216....; Account Type: Credit card; Date Opened: Dec 2019; Status: Open/Never late.; Balance: $3,742; Amount Past Due: not reported.

m. Furnisher: PORTFOLIO RECOVERY ASSOCIATES; Account No.: 601919303068....; Account Type: Debt Buyer; Original Creditor: SYNCHRONY BANK; Date Opened: Sep 2021; Status: Collection account. $1,198 past due as of Oct 2025.; Balance: $1,198; Amount Past Due: $1,198.

n. Furnisher: AFFIRM INC; Account No.: POAE; Account Type: Unsecured; Date Opened: Sep 2024; Status: Status (Aug 2025); Balance: $96; Amount Past Due: not reported.

o. Furnisher: PORTFOLIO RECOVERY ASSOCIATES; Account No.: 601919303068; Account Type: Debt Buyer; Original Creditor: SYNCHRONY BANK; Date Opened: Sep 2021; Status: Status (Sep 2021); Balance: $1,198; Amount Past Due: not reported.

2. TransUnion reported the following tradeline(s):

a. Furnisher: AMERICAN EXPRESS; Account No.: 349993012784****; Account Type: Revolving Account; Loan Type: CREDIT CARD; Date Opened: 07/23/2022; Status: Charged Off; Balance: not reported; Amount Past Due: not reported.

b. Furnisher: APPLE CARD - GS BANK USA; Account No.: 110001113724****; Account Type: Revolving Account; Loan Type: CREDIT CARD; Date Opened: 03/22/2020; Status: Charged Off; Balance: $2,845; Amount Past Due: $2,845.

c. Furnisher: BANK OF AMERICA; Account No.: 552433296752****; Account Type: Revolving Account; Loan Type: CREDIT CARD; Date Opened: 03/24/2018; Status: Charged Off; Balance: $2,091; Amount Past Due: $2,091.

d. Furnisher: OPORTUN/METABANK; Account No.: 67550**; Account Type: Installment Account; Loan Type: SECURED; Date Opened: 11/12/2024; Status: Charged Off; Balance: $18,281; Amount Past Due: $18,281.

e. Furnisher: SUNBIT, INC; Account No.: 401351013417****; Account Type: Revolving Account; Loan Type: CREDIT CARD; Date Opened: 08/15/2021; Status: Account 120 Days Past Due; Balance: $3,089; Amount Past Due: $562.

f. Furnisher: BANK OF AMERICA; Account No.: 440066737932****; Account Type: Revolving Account; Loan Type: CREDIT CARD; Date Opened: 06/09/2015; Status: Current; Paid or Paying as Agreed; Balance: $786; Amount Past Due: $0.

51. This reporting was inaccurate and materially misleading because, following the discharge, Plaintiff's personal liability on the Accounts was discharged, and the Accounts should not have reported in a manner suggesting ongoing collectible balances, past-due amounts, scheduled monthly payments, charge-off statuses, collection statuses, or other derogatory obligations inconsistent with the Bankruptcy discharge.

52. By inaccurately reporting the Accounts after the Bankruptcy discharge, Defendants misrepresented the legal status of the debts and failed to comply with the reporting standards applicable to debts discharged in Chapter 7 bankruptcy, including the reporting of accurate Consumer Information Indicators, current balances of $0, no past-due amounts, no scheduled monthly payments, and appropriate statuses reflecting the Bankruptcy discharge.

53. Plaintiff did not incur new debt on the Accounts during the Bankruptcy, did not reaffirm the Accounts in the Bankruptcy, and remained entitled to the benefit of the Bankruptcy discharge.

54. Defendants also had knowledge of the Bankruptcy and directly received notice of the Bankruptcy's successful discharge. Specifically, the Bankruptcy discharge order and related notice materials identified Bank of America, N.A., Oportun, Trans Union LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC among the entities that received notice of Plaintiff's Bankruptcy and discharge on or about 09/08/2025. This notice provided these Defendants with information showing that reporting, furnishing, verifying, or publishing the Accounts with balances, past-due amounts, charge-off statuses, collection statuses, derogatory payment histories, inaccurate bankruptcy-related coding, or no bankruptcy-discharge notation was inaccurate or materially misleading.

55. Therefore, Defendants' inaccurate, materially misleading, and negative reporting of the Accounts in light of the available Bankruptcy information was negligent, reckless, knowing, and/or willful.

56. Accordingly, Experian and TransUnion failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff, in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b).

57. Alternatively, upon information and belief, the furnishers of the Accounts properly updated the Accounts as included in or discharged through bankruptcy, with zero balances and zero amounts past due following Plaintiff's Bankruptcy. However, Experian and TransUnion unilaterally and inaccurately removed, failed to apply, or failed to maintain the bankruptcy status and continued reporting balances, past-due amounts, charge-off statuses, delinquency notations, or other derogatory information inconsistent with the Bankruptcy discharge.

58. Therefore, Experian and TransUnion failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff, in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b).

59. On or about February, 2026, Plaintiff mailed written dispute letters to Trans Union LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC by certified mail, with tracking numbers 9407111899561917674544, 9407111899561917674407, and 9407111899561917674094, respectively, pursuant to 15 U.S.C. § 1681i and Cal. Civ. Code § 1785.16.

60. Plaintiff's dispute letters identified Plaintiff, provided proof of identity and address, referenced Plaintiff's Bankruptcy, identified Bankruptcy Case Number 2:25-bk-14495-BB, identified the Bankruptcy discharge date of 09/08/2025, and disputed the Accounts.

61. Plaintiff explained that the Accounts were inaccurate, incomplete, misleading, derogatory, and/or unverifiable because the Accounts had been included in Plaintiff's Bankruptcy, Plaintiff's personal liability for the debts had been discharged, and the Accounts nevertheless reported in a manner inconsistent with the Bankruptcy discharge.

62. Plaintiff requested that Defendants (re)investigate the Accounts and update the reporting to accurately reflect Plaintiff's Bankruptcy discharge, including by reporting a $0 balance, closed status, inclusion in or discharge through bankruptcy, accurate Consumer Information Indicator, and deletion or correction of any post-petition delinquencies, charge-off notations, past-due amounts, scheduled payments, or other derogatory notations inconsistent with the discharge.

63. Plaintiff's dispute letters provided Defendants with sufficient information to conduct reasonable reinvestigations, including Plaintiff's identification information, proof of address, Bankruptcy information, the accounts implicated by the inaccurate reporting, and an explanation that the accounts had been included in Plaintiff's Bankruptcy and were being reported in a manner inconsistent with the Bankruptcy discharge.

64. The Credit Bureaus did not provide Plaintiff with notice that Plaintiff's disputes were frivolous or irrelevant under 15 U.S.C. § 1681i(a)(3).

65. Following Plaintiff's disputes and Defendants' reinvestigations, Defendants continued to report inaccurate, incomplete, misleading, derogatory, and/or unverifiable information concerning Plaintiff.

66. The post-dispute inaccurate reporting included the following:

1. Equifax reported the following tradeline(s):

a. Furnisher: AMERICAN EXPRESS; Account No.: *6173; Account Type: Credit Card; Loan Type: Credit Card; Date Opened: 07/23/2022; Status: Charge Off; Balance: $10,922; Amount Past Due: $4,185.

b. Furnisher: Bank of America; Account No.: *2791; Account Type: Credit Card; Loan Type: Credit Card; Date Opened: 03/24/2018; Status: Charge Off; Balance: $2,091; Amount Past Due: $2,091.

c. Furnisher: Oportun/Pathward; Account No.: *5095; Account Type: Secured; Loan Type: Secured; Date Opened: 11/12/2024; Status: Charge Off; Balance: $18,281; Amount Past Due: $18,281.

d. Furnisher: APPLE CARD - GS BANK USA; Account No.: *7213; Account Type: Credit Card; Loan Type: Credit Card; Date Opened: 03/22/2020; Status: Charge Off; Balance: $2,845; Amount Past Due: $2,845.

e. Furnisher: Bank of America; Account No.: *7970; Account Type: Credit Card; Loan Type: Credit Card; Date Opened: 06/09/2015; Status: Over 120 Days Past Due; Balance: $1,055; Amount Past Due: $315.

f. Furnisher: JPMCB CARD SERVICES; Account No.: *6048; Account Type: Flexible Spending Credit Card; Loan Type: Flexible

Spending Credit Card; Date Opened: 07/05/2021; Status: Pays As Agreed; Balance: not reported; Amount Past Due: not reported.

g. Furnisher: PORTFOLIO RECOVERY ASSOC; Account No.: *4855; Account Type: Debt Buyer Account; Loan Type: Debt Buyer Account; Date Opened: 09/21/2021; Status: not reported; Balance: $1,198; Amount Past Due: $1,198.

2. Experian reported the following tradeline(s):

a. Furnisher: AFFIRM INC; Account No.: 15PWXXXX; Account Type: Unsecured; Date Opened: 12/27/2024; Status: Account charged off. $573 written off. $573 past due as of Apr 2026.; Balance: $573; Amount Past Due: $573.

b. Furnisher: AFFIRM INC; Account No.: POAEXXXX; Account Type: Unsecured; Date Opened: 09/13/2024; Status: Account charged off. $86 written off. $86 past due as of Apr 2026.; Balance: $86; Amount Past Due: $86.

c. Furnisher: AMERICAN EXPRESS; Account No.: 3499931694014133; Account Type: Credit card; Date Opened: 10/14/2023; Status: Open/Never late.; Balance: not reported; Amount Past Due: not reported.

d. Furnisher: AMERICAN EXPRESS; Account No.: 3499930127846173; Account Type: Credit card; Date Opened: 07/23/2022; Status: Account charged off. $10,922 written off. $4,185 past due as of Apr 2026.; Balance: $10,922; Amount Past Due: $4,185.

e. Furnisher: APPLE CARD/GS BANK USA; Account No.: 110001XXXXXXXXXX; Account Type: Credit card; Date Opened: 03/22/2020; Status: Account charged off. $2,845 written off. $2,845 past due as of Mar 2026.; Balance: $2,845; Amount Past Due: $2,845.

f. Furnisher: BANK OF AMERICA; Account No.: 440066XXXXXXXXXX; Account Type: Credit card; Date Opened: 06/09/2015; Status: Closed. $315 past due as of Mar 2026.; Balance: $1,055; Amount Past Due: $315.

g. Furnisher: BANK OF AMERICA; Account No.: 552433XXXXXXXXXX; Account Type: Credit card; Date Opened: 03/24/2018; Status: Account charged off. $2,091 written off. $2,091 past due as of Apr 2026.; Balance: $2,091; Amount Past Due: $2,091.

h. Furnisher: JPMCB CARD; Account No.: 414740XXXXXXXXXX; Account Type: Credit Card; Date Opened: 07/05/2021; Status: Open/Never late.; Balance: not reported; Amount Past Due: not reported.

i. Furnisher: NORDSTROM/TD BANK USA; Account No.: 447043XXXXXXXXXX; Account Type: Credit card; Date Opened: 12/24/2019; Status: Open/Never late.; Balance: $3,742; Amount Past Due: not reported.

j. Furnisher: PATHWARD NA/OPORTUN; Account No.: 675XXXX; Account Type: Secured Loan; Loan Type: Secured Loan; Date Opened: 11/12/2024; Status: Account charged off. $18,281 written off. $18,281 past due as of Mar 2026.; Balance: $18,281; Amount Past Due: $18,281.

k. Furnisher: PORTFOLIO RECOVERY ASSOCIATES; Account No.: 601919XXXXXXXXXX; Account Type: Debt Buyer; Original Creditor: SYNCHRONY BANK; Date Opened: 09/21/2021; Status: Collection account. $1,198 past due as of Apr 2026.; Balance: $1,198; Amount Past Due: $1,198.

3. TransUnion reported the following tradeline(s):

a. Furnisher: APPLE CARD - GS BANK USA; Account No.: #110001113724****; Account Type: Revolving Account; Loan Type: CREDIT CARD; Original Creditor: GOLDMAN SACHS BANK USA (Banking); Date Opened: 03/22/2020; Status: >Charged Off<; Balance: $2,845; Amount Past Due: >$2,845<.

b. Furnisher: SUNBIT, INC; Account No.: #401351013417****; Account Type: Revolving Account; Loan Type: CREDIT CARD; Date Opened: 08/16/2021; Status: >Charged Off<; Balance: $3,104; Amount Past Due: >$1,123<.

c. Furnisher: AMERICAN EXPRESS; Account No.: #349993012784****; Account Type: Revolving Account; Loan Type: CREDIT CARD; Date Opened: 07/23/2022; Status: >Charged Off<; Balance: $10,922; Amount Past Due: >$3,424<.

d. Furnisher: ALLY FINANCIAL; Account No.: #228362B6****; Account Type: Installment Account; Loan Type: AUTOMOBILE; Date Opened: 02/24/2024; Status: Unpaid; Balance: not reported; Amount Past Due: not reported.

e. Furnisher: TD BANK USA/TARGET CREDIT; Account No.: #585975246771****; Account Type: Revolving Account; Loan Type: CREDIT CARD; Date Opened: 08/23/2021; Status: Unpaid; Balance: not reported; Amount Past Due: not reported.

f. Furnisher: PORTFOLIO RECOVERY; Account No.: #601919303068****; Account Type: Open Account; Loan Type: DEBT BUYER; Original Creditor: SYNCHRONY BANK (Banking); Date Opened: not reported; Status: >In Collections<; Balance: $1,199; Amount Past Due: >$1,199<.

67. Defendants failed to correct, delete, modify, or suppress all inaccurate, incomplete, misleading, derogatory, and/or unverifiable information despite having sufficient information to determine that the disputed reporting was inconsistent with Plaintiff's Bankruptcy discharge.

68. Equifax, Experian, and TransUnion failed to conduct reasonable reinvestigations because they failed to review and consider Plaintiff's dispute letters, Bankruptcy filing information, Bankruptcy discharge information, account-identifying information, dispute explanations, their own records regarding Plaintiff, and the Metro 2 reporting standards applicable to discharged bankruptcy accounts.

69. Equifax, Experian, and TransUnion also failed to correct, delete, modify, or suppress account information that continued to report balances, past-due amounts, scheduled payments, collection statuses, charge-off statuses, delinquency notations, bankruptcy-related inaccuracies, inaccurate account remarks, inaccurate Consumer Information Indicators, or other derogatory information inconsistent with Plaintiff's Bankruptcy discharge.

70. Equifax, Experian, and TransUnion's reinvestigations were also unreasonable because they could have contacted Plaintiff for more information if additional information was necessary, but instead verified, continued reporting, or failed to correct the inaccurate information.

71. Equifax, Experian, and TransUnion also failed to follow reasonable procedures to assure maximum possible accuracy, in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), because they continued to publish reporting that materially misrepresented Plaintiff's post-bankruptcy account obligations, payment history, credit standing, credit worthiness, and legal responsibility for discharged debts.

72. Upon information and belief, Equifax, Experian, and TransUnion conducted superficial reinvestigations and merely parroted or accepted information from furnishers without independently reviewing the substance of Plaintiff's disputes, the Bankruptcy materials, the accounts implicated by the disputes, or the reporting requirements applicable to discharged bankruptcy accounts.

73. After receiving Plaintiff's written disputes, one or more Credit Bureaus notified the Furnisher-Defendants that Plaintiff disputed the accuracy of the information the Furnisher-Defendants furnished concerning Plaintiff.

74. After receiving notice of Plaintiff's disputes from one or more Credit Bureaus, the Furnisher-Defendants' duties under 15 U.S.C. § 1681s-2(b)(1)(A)-(E) were triggered.

75. The Furnisher-Defendants failed to conduct reasonable investigations, failed to review all relevant information provided by the Credit Bureaus, failed to accurately report the results of their investigations, failed to report incomplete or inaccurate information to all consumer reporting agencies to which they furnished the information, and failed to modify, delete, or permanently block inaccurate information, in violation of 15 U.S.C. § 1681s-2(b)(1)(A)-(E).

76. The Furnisher-Defendants violated Cal. Civ. Code § 1785.25(a) by furnishing, verifying, or continuing to furnish information concerning Plaintiff that the Furnisher-Defendants knew or should have known was incomplete or inaccurate.

77. The Furnisher-Defendants' investigations were unreasonable because the Furnisher-Defendants failed to review and consider Plaintiff's Bankruptcy filing, discharge order, account records, payment history, internal account notes, collection records, dispute information, and other information showing that Plaintiff's pre-petition debts had been included in and discharged through Bankruptcy.

78. The Furnisher-Defendants verified, continued furnishing, or failed to correct reporting that showed balances, past-due amounts, scheduled payments, collection statuses, charge-off statuses, delinquency notations, bankruptcy-related inaccuracies, inaccurate account remarks, inaccurate Consumer Information Indicators, or other derogatory account information inconsistent with Plaintiff's Bankruptcy discharge.

79. The Furnisher-Defendants knew or should have known the information furnished concerning Plaintiff was incomplete or inaccurate because the Furnisher-Defendants had access to their own account records, Plaintiff's Bankruptcy information, the discharge order, account status information, dispute information, payment history information, collection records, internal account notes, and information showing that the accounts should not report in a manner suggesting ongoing personal liability inconsistent with the Bankruptcy discharge.

80. Because the Furnisher-Defendants failed to reasonably investigate Plaintiff's disputes, failed to report accurate investigation results, failed to modify, delete, or permanently block inaccurate reporting, and continued furnishing information they knew or should have known was incomplete or inaccurate, Plaintiff's inaccurate credit reporting remained uncorrected.

81. As a result of Defendants' failures, Plaintiff's consumer report continued to contain inaccurate, incomplete, misleading, derogatory, and/or unverifiable information.

82. Defendants' continued reporting, furnishing, verification, publication, failure to correct inaccurate information, and/or failure to provide required disclosures harmed Plaintiff's credit standing, credit reputation, credit worthiness, and ability to obtain credit on fair and lawful terms.

83. Defendants' conduct was negligent, willful, reckless, and/or knowing because Defendants received Plaintiff's disputes, Bankruptcy information, account-identifying information, proof of identity, proof of address, and/or file-disclosure requests, yet failed to correct the inaccurate reporting, failed to provide required reinvestigation results, and/or failed to provide requested file disclosures.

## CREDIT DENIALS

84. Plaintiff suffered credit harm after Defendants continued to report inaccurate, incomplete, misleading, derogatory, and/or unverifiable information concerning Plaintiff.

85. On or about May 10, 2026, Plaintiff received credit denials, adverse actions, less favorable credit terms, or lost credit opportunities based in whole or in part on information appearing in Plaintiff's consumer reports.

86. The stated reasons for the denial or adverse action included: A credit obligation related to a bankruptcy or financial counseling plan was recorded on your credit bureau report. and A delinquent credit obligation(s), either paid or unpaid, was recorded on your credit bureau report..

87. The inaccurate reporting by Defendants was a substantial factor in causing Plaintiff's credit denials, adverse actions, loss of credit opportunity, and related damages.

## DAMAGES

88. As a result of Defendants' conduct, Plaintiff suffered actual damages, including credit impairment, loss of credit opportunity, emotional distress, frustration, embarrassment, humiliation, anxiety, confusion, wasted time, inconvenience, and out-of-pocket losses.

89. Plaintiff was forced to spend time and effort attempting to correct inaccurate reporting that Defendants should have corrected after Plaintiff's disputes.

90. Plaintiff suffered harm to Plaintiff's credit reputation, credit standing, credit worthiness, and ability to obtain credit on fair terms.

91. Plaintiff refrained from applying for credit because Plaintiff knew Defendants' inaccurate reporting continued to appear on Plaintiff's consumer report.

92. Plaintiff also refrained from applying for credit because Plaintiff had no idea what potentially inaccurate information was reporting on Plaintiff's credit due to not getting the report.

93. This chilling effect prevented Plaintiff from benefiting from Plaintiff's improving credit, establishing new positive accounts, obtaining credit on fair terms, and receiving the fresh start Plaintiff expected after Bankruptcy.

94. Plaintiff suffered damages because Defendants continued reporting, furnishing, verifying, publishing, or failing to correct inaccurate, incomplete, misleading, derogatory, and/or unverifiable information after Plaintiff disputed the reporting.

95. Plaintiff's damages were caused by Defendants' negligent, willful, reckless, and/or knowing violations of the FCRA and CCRAA.

## Causes of Action

## Count I

## Violation Of The Fair Credit Reporting Act

## 15 U.S.C. §§ 1681 et seq.

## [Against ALL Defendants]

96. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

97. The foregoing acts and omissions constitute numerous and multiple willful, reckless, and/or negligent violations of the FCRA, including but not limited to 15 U.S.C. §§ 1681e(b), 1681i, 1681g(a), and 1681s-2(b), as applicable to each Defendant and only where supported by the factual allegations pleaded above.

98. The Credit Bureau Defendants violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

99. The Credit Bureau Defendants violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations of Plaintiff's disputes, failing to review all relevant information provided by Plaintiff, failing to correct inaccurate information, and/or failing to provide required reinvestigation results.

100. The Furnisher-Defendants violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations after receiving notice of Plaintiff's disputes from one or more Credit Bureaus, failing to review all relevant information, failing to report accurate investigation results, failing to report incomplete or inaccurate information to all consumer reporting agencies to which they furnished the information, and failing to modify, delete, or permanently block inaccurate information.

101. As a result of each and every negligent noncompliance with the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

102. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3), from Defendants.

## COUNT II

## VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

## CAL. CIV. CODE § 1785.1 ET SEQ.

## [AGAINST ALL DEFENDANTS]

103. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

104. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act, including but not limited to Cal. Civ. Code §§ 1785.14(b), 1785.16, 1785.10, 1785.15, and 1785.25(a), as applicable to each Defendant and only where supported by the factual allegations pleaded above.

105. The Credit Bureau Defendants violated Cal. Civ. Code § 1785.14(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

106. The Credit Bureau Defendants violated Cal. Civ. Code § 1785.16 by failing to conduct reasonable reinvestigations, failing to correct inaccurate information, and/or failing to provide required reinvestigation notices or results.

107. Because Furnisher-Defendants are partnerships, corporations, associations, or other entities, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Furnisher-Defendants were obligated not to furnish information on a specific transaction or experience to any consumer credit reporting agency if they knew or should have known that the information was incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). Furnisher-Defendants violated Cal. Civ. Code § 1785.25(a).

108. As a result of each and every negligent violation of the CCRAA, Plaintiff is entitled to damages as the Court may allow pursuant to Cal. Civ. Code § 1785.31(a)(1), from Defendants.

109. As a result of each and every willful violation of the CCRAA, Plaintiff is entitled to damages as the Court may allow pursuant to Cal. Civ. Code § 1785.31(a)(2), including punitive damages of $100-$5,000 per willful violation, from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

- An award of actual damages, in an amount to be determined at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful noncompliance with the FCRA;
- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendants for each incident of willful noncompliance with the FCRA;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1), against Defendants for each incident of negligent noncompliance with the FCRA;
- An award of costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2), against Defendants for each incident of noncompliance with the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(1) and/or Cal. Civ. Code § 1785.31(a)(2)(A), against Defendants;
- An award of attorneys' fees and costs pursuant to Cal. Civ. Code §§ 1785.31(a)(1), 1785.31(a)(2), and 1785.31(d), against Defendants;
- An award of punitive damages of $100-$5,000 per willful violation of the CCRAA, including Cal. Civ. Code § 1785.25(a) where applicable and where Furnisher-Defendants are included, pursuant to Cal. Civ. Code § 1785.31(a)(2)(B), against Defendants;

- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b), against Defendants; and
- Any and all other relief the Court deems just and proper.

**TRIAL BY JURY**

110. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: October 4, 2026

Respectfully submitted,

**C.O. LAW, APC**

By: /s/ Clark Ovruchesky
CLARK OVRUCHESKY, ESQ.
ATTORNEY FOR PLAINTIFF